**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory McGeathy, | No. CV-25-01439-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Reinalt-Thomas Corporation, et al., | |
| Defendants. | |

Plaintiff Cory McGeathy brings this putative class action accusing The Reinalt-Thomas Corporation ("Corporation") and The Reinalt-Thomas Corporation Board of Directors ("Board of Directors") (collectively "Defendants") of breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (Doc. 6.) Before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint ("FAC"). (Doc. 22.) The motion is fully briefed[1] (Docs. 23, 24) and for the following reasons is denied.

## I.   Background[2]

Plaintiff brings this action under § 1132(a)(2) for relief under § 1109(a) on behalf of the Discount Tire/America's Tire Retirement Plan ("Plan") and the Plan's participants

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] The following background is derived from Plaintiff's FAC (Doc. 6) and presumed true for purposes of this order. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

and beneficiaries. (Doc. 6 ¶ 5.) Plaintiff alleges he was a participant in the Plan, as defined in § 1002(7), and that he suffered individual injury by investing in the Plan's American Century Target Fund Suite. (*Id.* ¶ 24.) The Corporation, which does business as Discount Tire Co., Inc., is a major retailer of tires, auto parts, and accessories. (*Id.* ¶ 25.) The Corporation is the Plan sponsor, Plan Administrator, and a fiduciary of the Plan. (*Id.*) The Board of Directors is a fiduciary of the Plan responsible for appointing and monitoring the Plan's fiduciaries. (*Id.* ¶ 26.)

The Plan is a profit-sharing plan subject to the provisions of ERISA. (*Id.* ¶ 38.) The Plan provides for retirement income for approximately 16,000 Discount Tire employees, former employees, and their beneficiaries. (*Id.* ¶ 39.) The Plan's participants have the option to invest their retirement savings in the funds that Defendants select for the Plan. (*Id.* ¶ 2.) As of December 31, 2023, Plan participants had invested almost $1.2 billion in the Plan. (*Id.* ¶ 40.) Of that, approximately $519.5 million, or 43.5% of the Plan's total assets, was invested in the American Century Target Fund Suite. (*Id.*)

The American Century Target Fund Suite is comprised of "target date funds," which are designed to achieve certain investment results based on an investor's anticipated retirement date. (*Id.* ¶ 7.) The American Century Target Fund Suite consists of nine funds, also referred to as vintages, each separated by five-year increments that represent different anticipated retirement dates from 2025 to 2065. (*Id.*) The American Century Target Fund Suite is an "actively managed" fund. (*Id.* ¶ 11.) Defendants included the American Century Target Fund Suite in the Plan for over 15 years despite Plaintiff's allegation that it is "one of the worst-performing investment suites in the entire market." (*Id.* ¶ 3.) Accordingly, Plaintiff brings claims for imprudence and for failure to monitor. (*Id.* ¶¶ 207–222.) Defendants move to dismiss both claims.

## II.     Legal Standard

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court's task merely is to determine whether those well-pled factual allegations plausibly state a claim to relief under governing law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

## III.    Analysis

### A.    Imprudence Claim

Defendants argue that the Court should dismiss Plaintiff's imprudence claim because ERISA does not provide a cause of action for underperforming investments. (Doc. 22 at 13.) Plaintiff responds that an imprudence claim can be based on allegations of underperforming investments so long as the performance is compared to a meaningful benchmark. (Doc. 23 at 11.) Additionally, Defendants argue that Plaintiff has failed to allege meaningful benchmarks. (Doc. 22 at 17.) Plaintiff responds that it plausibly alleged meaningful benchmarks, including two that the Plan itself designated as benchmarks. (Doc. 23 at 13.)

"To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). Under ERISA, a plan fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries," § 1104(a)(1), and must do so "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims," § 1104(a)(1)(B). This duty of prudence extends to both the initial selection of an investment and the continuous monitoring of investments to remove imprudent ones. *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015). Thus, "[i]f the fiduciaries fail to remove an imprudent

investment from the plan within a reasonable time, they breach their duty." *Hughes v. Nw. Univ.*, 595 U.S. 170, 176 (2022).

But ERISA "requires prudence, not prescience." *Anderson v. Intel Corp. Investment Pol'y Comm.*, 137 F.4th 1015, 1021 (9th Cir. 2025) (quotation omitted). Courts therefore assess "a fiduciary's actions based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight." *Id.* "[I]t is not enough for a plaintiff simply to allege that the fiduciaries could have obtained better results"—such as higher returns—"by choosing different investments." *Id.* Instead, "when a plaintiff alleges imprudence based on a fiduciary's decision to make one investment rather than an alternative, the key to nudging an inference of imprudence from possible to plausible is providing a sound basis for comparison—a meaningful benchmark—not just alleging that costs are too high, or returns are too low." *Id.* at 1022 (cleaned up). A meaningful benchmark is one that has similar aims, risks, and potential rewards. S*ee id.* at 1023.

Here, Plaintiff alleges the aim of the American Century Target Fund Suite "is to balance total return and stability over time." (Doc. 6 ¶ 74.) Plaintiff identifies the principal risks as "allocation risk, longevity risk, and the risks inherent in the underlying funds— stock market risk, issuer risk, small company risk, interest rate and default risk, and the risks of investing in non-U.S. securities." (*Id.* ¶ 80.) Plaintiff alleges that Morningstar[3] rates the risk level of vintages 2025 through 2040 as a moderate risk level and rates vintages 2045 through 2065 as an aggressive risk level. (*Id.* ¶ 81.) Plaintiff characterizes the potential rewards as each target date fund "generat[ing] investment returns that outperform its benchmark index so that the investors can maximize their real account balances at retirement to sustain sufficient income throughout retirement." (*Id.* ¶ 79.)

Plaintiff points to five other comparator funds as benchmarks: American Funds Target Fund Suite, Fidelity Freedom Target Fund Suite, State Street Target Fund Suite, Vanguard Target Fund Suite, and Voya Target Solution Trust Series. (*Id.* ¶¶ 82–125.) First,

---

[3] Plaintiff alleges that "Morningstar, Inc. is a leading provider of independent investment research products." (Doc. 6 ¶ 3 n.1.)

Plaintiff alleges each comparator shares American Century's aim "to balance total return and stability over time." (*Id.* ¶¶ 84, 93, 102 112, 120.) Second, Plaintiff alleges each comparator shares American Century's potential reward of maximizing investors' account balances to generate sufficient income throughout retirement. (*Id.* ¶¶ 88, 97, 106, 115, 123.) Finally, Plaintiff alleges each comparator shares American Century's potential risks as "[t]he principal risks are allocation risk, longevity risk, and the risks inherent in the underlying funds." (*Id.* ¶¶ 89, 98, 107, 116, 124.) Of American Funds', State Street's, Vanguard's, and Voya's nine vintages, the one variance is that Morningstar recognizes their 2040 vintages as an aggressive risk level rather than moderate. (*Id.* ¶¶ 89, 107, 116, 124). Of Fidelity Freedom's nine vintages, the two variances are that Morningstar recognizes the Fidelity Freedom 2035 and 2040 vintages as an aggressive risk level rather than moderate. (*Id.* ¶ 98.)

As required to establish that the proposed comparator funds are truly comparable, Plaintiff evaluates the aims, risks, and potential rewards of each comparator fund with those of the American Century Target Fund Suite. Plaintiff does not merely label the comparator funds as "comparable" or "a peer." *See Anderson*, 137 F.4th at 1023. Further, Plaintiff describes the glide path of each comparator fund and the types of investments they engage in. (*Id.* ¶¶ 83, 84, 92, 93, 101, 102, 111, 112, 119, 120.) The question at this stage is whether Plaintiff has *alleged* meaningful comparators. Plaintiff has done so. Defendants' disputes about the facts concerning each comparator fund are more appropriate for summary judgment. Plaintiff has alleged enough to demonstrate he is comparing apples to apples and not apples to oranges. *See id.* at 1025. Defendants' arguments would require a plaintiff alleging imprudence to not just compare apples to apples but only Gala apples to Gala apples and Fuji apples to Fuji apples.

Additionally, Plaintiff alleges that the American Century Target Fund Suite underperformed the benchmark designated by the Plan itself: the S&P Index. (*Id.* ¶ 13.) In its Notice of Investment Returns and Fee Disclosure to Plan participants, the Plan identified the S&P Target Date Index as the benchmark for each vintage of the American Century

Target Fund Suite. (*Id.* ¶ 126.) American Century has also identified the S&P Target Date Index as the benchmark in the statutory prospectus for the American Century Target Fund Suite. (*Id.* ¶ 127.) There is case law establishing "that a plan's own benchmarks are plausibly meaningful benchmarks against which to compare funds." *See Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133, 1151 (N.D. Cal. 2022), *aff'd*, 137 F.4th at 1015. But courts in this Circuit are divided on this issue and there is no Ninth Circuit decision on point. It is not necessary for the Court to determine whether the S&P Index can be a meaningful benchmark when a plan or fund designates it as a benchmark for Plaintiff to survive the motion to dismiss because the Court has determined Plaintiff alleged the five other comparators funds as meaningful benchmarks.

Additionally, Plaintiff alleges that the American Century Target Fund Suite underperformed all these plausibly meaningful benchmarks. Plaintiff alleges the underperformance occurred over a 15-year period, 10 years prior to and then through the proposed Class Period, and that this underperformance cost Plan participants between $11 and $44 million.  (*Id.* ¶ 143.) Plaintiff has plausibly alleged meaningful benchmarks and underperformance relative to those benchmarks. Accordingly, Plaintiff has stated a claim for breach of the fiduciary duty of prudence.

### B.    Failure to Monitor Claim

Defendants argue that the Court should dismiss Plaintiff's failure to monitor claim because it is derivative of the imprudence claim. (Doc. 22 at 24.) Plaintiff agrees that the failure to monitor claim is derivative and argues it should survive this motion because the imprudence claim is sufficiently alleged. (Doc. 23 at 23.) Because Plaintiff has sufficiently alleged the imprudence claim, the failure to monitor claim also survives.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 22) is **DENIED**.

Dated this 4th day of March, 2026.

Douglas L. Rayes
Senior United States District Judge