**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory McGeathy, et al., | No. CV-25-01439-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Reinalt-Thomas Corporation, et al., | |
| Defendants. | |

Plaintiffs Cory McGeathy, Zachary Weinshenker, and William Karpovich bring a putative class action accusing The Reinalt-Thomas Corporation and The Reinalt-Thomas Corporation Board of Directors (collectively "Defendants") of breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Before the Court is Defendants' motion to stay the proceedings. (Doc. 33.) The motion is fully briefed[1] (Docs. 38, 40) and for the following reasons is granted.

## I. Background

The parties are familiar with the underlying facts of this case, which are detailed in the Court's March 5, 2026 order denying Defendants' motion to dismiss (Doc. 25), and will not be repeated here. After that order, Plaintiffs filed a second amended complaint on March 19, 2026, adding Plaintiffs Weinshenker and Karpovich. (Doc. 28.) Defendants now move to stay the proceedings until the United States Supreme Court issues an opinion in

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

*Anderson v. Intel Corp. Inv. Pol'y Comm.*, No. 25-498. (Doc. 33 at 5.)

**II.      Motion to Stay**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The Court must weigh competing interests affected by a grant or denial of a stay, including (1) the possible damage caused by a stay, (2) the hardship to the parties if the suit is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues from a stay. *Id.* at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

On balance, the three discretionary stay factors weigh in favor of a stay. First, there will be no appreciable harm to Plaintiffs. Defendants argue that Plaintiffs will not be damaged by a stay because they are former participants in the Plan and thus no longer invest and suffer no ongoing harm. (Doc. 33 at 9–10.) Defendants also emphasize that the duration of the requested stay, presumably less than a year, is reasonable. (*Id.* at 10.) Plaintiffs respond that Plaintiff Weinshenker is a current participant in the Plan and thus faces ongoing harm. (Doc. 38 at 10–11.) Plaintiffs also assert they will be harmed by delay in litigation because of witnesses' fading memories and the potential loss of documentary evidence. (*Id.* at 11.)

"'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024) (quoting *Landis*, 299 U.S. at 255). Plaintiffs have not shown there is a fair possibility of damage from a stay here. The only injunctive relief that Plaintiffs point to is the request for reformation of the Plan. (Docs. 38 at 10; 28 ¶ 205.) Reformation of the Plan, however, is a remedy that would not be available until the end of this case. Even if Plaintiff

Weinshenker is currently a Plan participant, (the SAC indicates otherwise) the possible harm to him is monetary in nature and "[t]his Circuit has made clear that monetary recovery cannot serve as the foundation to deny a stay." *In re Sprouts Farmers Mkt., Inc. v. Emp. Data Sec. Breach Litig.*, No. MDL 16–02731–PHX DLR, 2017 WL 3051243, at *2 (D. Ariz. May 24, 2017). If Plaintiffs' claims are ultimately successful, any monetary harm will be righted then. Lastly, the length of the stay, presumably around one year, is not indefinite or unreasonable. *See id.* (granting a stay in May 2017 after the Supreme Court granted certiorari in January 2017). This factor weighs in favor of granting a stay.

Second, Defendants will suffer a hardship if the litigation proceeds. Defendants argue a denial would cause substantial hardship because of the extensive and expensive discovery that will be borne disproportionately by Defendants (Doc. 33 at 10–12.) Plaintiffs respond that being required to defend a suit does not constitute a hardship. (Doc. 38 at 11–12.) Plaintiffs are generally correct. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112 (quotation omitted). But because Plaintiffs have not established that they will be damaged by the stay, the Court may consider Defendant's litigation burden a hardship. *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2020 WL 6873645, at *3 (N.D. Cal. Oct. 13, 2020) (explaining that "when the opponent does not adduce evidence that it will be harmed by a stay, courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship" (cleaned up)). This factor weighs in favor of granting a stay.

Lastly, a stay will simplify the issues in this case. Defendants argue that a stay will promote judicial economy and simplify the issues because *Anderson* is directly relevant to the issues before the Court. (Doc. 33 at 12–13.) Plaintiffs respond that the "Supreme Court's ultimate decision in *Anderson* will have no impact on this case." (Doc. 38 at 13.) Plaintiffs argue that if the Supreme Court affirms it is irrelevant to this case because the Court has already decided that Plaintiffs pled a meaningful benchmark and if the Supreme Court reverses it is irrelevant because then Plaintiffs need not have pled a meaningful

benchmark. (*Id.*) Plaintiffs are certain that *Anderson* will have no bearing on this case, but the Court is not as confident. The requirement for a meaningful benchmark, and what constitutes a meaningful benchmark, was central to the dispute regarding Defendants' motion to dismiss and the Court's order. *Anderson* may clarify not only if a plaintiff must plead a meaningful benchmark but more importantly the requirements for a benchmark to be meaningful. Such an outcome could affect Plaintiffs' complaint and the course of discovery. "Thus, the Supreme Court's decision in [*Anderson*], although not doubtlessly outcome determinative, might dispose of the lawsuit, narrow Plaintiff's class, or at least provide relevant guidance to the Court." *Whittaker v. All Reverse Mortg. Inc.*, No. CV-20-08016-PCT-DLR, 2020 WL 2829785, at *1 (D. Ariz. May 29, 2020). If so, granting a stay may conserve resources which could be unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes, considering class certification, and deciding dispositive motions.

Accordingly, after considering the alleged hardships, the potential length of the stay, and concerns of judicial economy and the orderly course of justice, the Court concludes that these factors weigh in favor of granting a stay. The Court therefore will exercise its discretion and grant Defendants' motion.

**IT IS ORDERED** that Defendants' motion to stay the proceedings (Doc. 33) is **GRANTED**. This action is stayed pending the Supreme Court's decision in *Anderson*. The parties shall notify the Court in writing within 7 days of the Supreme Court's decision.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the second amended complaint (Doc. 32) is **DENIED** without prejudice to Defendants renewing their motion (either in the same form or modified to account for the Supreme Court's *Anderson* decision), if appropriate, after the stay is lifted.

Dated this 21st day of May, 2026.

_____
Douglas L. Rayes
Senior United States District Judge